UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Annie M. Turman,

    Plaintiff,

v.

Select Portfolio Servicing, Inc.,

    Defendant.

Case No. 2:23-cv-903

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Select Portfolio Servicing, Inc. ("Defendant") moved to dismiss Annie M. Turman's ("Plaintiff") Amended Complaint for failure to state a claim. ECF No. 17. After reviewing the motion and related briefing, the Court was concerned that Plaintiff lacked standing to pursue her claim and invited briefing on the issue. ECF No. 24. Defendant responds to the Court's order, arguing that Plaintiff lacks standing. ECF No. 25. Plaintiff did not submit a supplemental brief on standing. For the following reasons, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of standing.

I.

Defendant is the mortgage servicer for a property Plaintiff owns in Franklin County, Ohio. Am. Compl. ¶ 1–2, ECF No. 12. In 2020, Plaintiff fell behind on her mortgage payments. *Id.* ¶ 3. In late 2020, Plaintiff tried to make some payments, but Defendant rejected the payments. *Id.* ¶¶ 4–12. On January 19, 2022, Plaintiff's attorney sent Defendant a letter (the "Letter") addressing "several

issues involving the servicing of her account." *Id.* ¶ 16. Plaintiff and Defendant communicated over the next few months, and Plaintiff tried to bring her account current by making a payment of $11,661.00. *Id.* ¶¶ 17–20. Defendant rejected that payment and told Plaintiff that her mortgage (the "Loan") had matured and, therefore, the full balance of over $70,000.00 was due. *Id.* ¶ 21.

Plaintiff sued Defendant, alleging that Defendant violated Plaintiff's rights under the Real Estate Settlement Procedures Act ("RESPA"). *Id.* ¶¶ 24–31.

## II.

Pursuant to Article III of the United States Constitution, federal jurisdiction is limited to "cases" and "controversies," and standing is "an essential and unchanging part of" this requirement. *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560 (1992). If a plaintiff lacks standing, then the federal court lacks jurisdiction. *Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1950–51 (2019). Thus, standing is a "threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

Article III standing has three elements. "First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks and citations omitted). Second, the injury must be "fairly traceable to the challenged action of the defendant." *Id.* (cleaned up). Third, it must be likely that the injury will be "redressed by a favorable decision." *Id.* at 561.

Even assuming Plaintiff can satisfy the other elements, Plaintiff cannot satisfy the causation prong. For standing purposes, "causation" means a "causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant[.]" *Lujan*, 504 U.S. at 560 (internal quotation marks and citations omitted).

Plaintiff's alleged injury is that the Loan matured, putting her at risk of foreclosure. Am. Compl. ¶ 30, ECF No. 12. Thus, the root of Plaintiff's injury is the maturation of the Loan. As shown in the loan documents attached to the Complaint (the "Loan Contract"), the Loan matured on January 1, 2022. *See* Loan Contract, ECF No. 12, PAGEID # 187.

Plaintiff's "conduct complained of" is an alleged RESPA violation. Am. Compl. ¶¶ 24–31, ECF No. 12. Under RESPA, a lender has an obligation to provide certain information after a debtor files a request that complies with the relevant statutory requirements (a "Request"). *Wyler v. Bank of Am.*, No. 1:11-CV-132, 2011 WL 5361077, at *3 (W.D. Mich. Nov. 7, 2011) (explaining that a lender's or servicer's RESPA "obligation to respond is triggered only after a borrower sends the servicer a [Request]"). Because a Request triggers the loan servicer's obligations, a loan servicer cannot violate RESPA until a debtor sends a Request. *See Best v. Ocwen Loan Servicing, LLC*, No. 16-1217, 2016 WL 10592245, at *2 (6th Cir. Nov. 29, 2016) (affirming the district court's dismissal of a RESPA claim because the plaintiff did not send a proper Request and, therefore, never triggered the defendant's response obligations).

Here, Plaintiff sent the Letter to Defendant January 19, 2022. Am. Compl. ¶ 16, ECF No. 12. The parties dispute whether the Letter complied with the requirements of a Request. *E.g.*, Mot. 4–6, ECF No. 17; Resp. 3–6, ECF No. 19. However, assuming that the letter is a Request, Defendant had no obligations under RESPA until January 19, 2022.[1] Thus, Defendant could not have violated Plaintiff's RESPA rights until after January 19, 2022. Because Defendant could not have violated RESPA until after January 19, 2022, and because Plaintiff's loan matured over two weeks earlier on January 1, 2022, any RESPA violation could not have caused Plaintiff's injury (i.e., could not have caused the loan to mature).

At bottom, because Defendant's alleged RESPA violation could not have caused Plaintiff's injury, Plaintiff has not alleged that her injury is "fairly traceable to the challenged action of the defendant[.]" *Lujan*, 504 U.S. at 560 (cleaned up).

Plaintiff disagrees. Plaintiff first argues that the Court should consider the Loan Contract for only the fact that it exists, and not for the date the Loan matured. Resp. 6, ECF No. 19. In essence, it seems that Plaintiff's argument is that it would be inappropriate for the Court to consider the contents of the Loan Contract at the pleadings stage.

The Court disagrees. True, as a general rule, courts do not consider matters outside the pleadings when ruling on a motion to dismiss. *Passa v. City*

---

[1] In the alternative, if the Letter is not a Request, Defendant's obligations under RESPA were never triggered and, consequently, Defendant could not have violated RESPA.

of Columbus, 123 F. App'x 694, 697 (6th Cir. 2005) ("[I]n ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court generally may not consider any facts outside the complaint and exhibits attached thereto." (citation omitted)). In most instances, if a court considers matters outside the pleadings on a Rule 12 motion, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). There are, however, some exceptions to this general rule. Relevant here, Federal Rule of Civil Procedure 10(c) provides that a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

Here, Plaintiff's claims arise out of the contractual relationship between the parties, and Plaintiff references the Loan Contract in the Amended Complaint. E.g., Am. Compl. ¶ 2, ECF No. 12. Thus, the Court may properly consider the Loan Contract at this stage without converting Defendant's motion into a motion for summary judgment. See Est. of Mattingly v. State Auto Prop. & Cas. Ins. Co., No. 3:21-CV-00274-RGJ, 2022 WL 759536, at *2 (W.D. Ky. Mar. 11, 2022) ("Because the insurance contract is referenced in the Complaint and is central to Plaintiff's claims, it is not a matter outside the pleadings for the purposes [of the] Motion to Dismiss.").

Plaintiff also argues that Defendant's conduct is in "direct contradiction" of a January 1, 2022 maturation date. Resp. 6–7, ECF No. 19. Specifically, Plaintiff argues that Defendant's December 2021 and May 2022 statements that Plaintiff could bring her account current contradict a January 1, 2021 maturation

date. *Id.* The essence of Plaintiff's argument is that, because of Defendant's conduct, the Loan did not actually mature on January 1, 2021 and, as a result, Defendant's alleged RESPA violations did not occur after maturation and, therefore, the alleged RESPA violations caused Plaintiff's injuries.

Unfortunately for Plaintiff, the clear language of the Loan Contract undercuts her argument. The Loan Contract provides in relevant part that "[a]ny forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy." Loan Contract ¶ 11, ECF No. 12, PAGEID # 190. Put simply, under the language of the Loan Contract, Defendant's decision to offer forbearance or other assistance to Plaintiff does not negate any of Defendant's rights under the Loan Contract, including the right to demand payment in full after the maturation date. Thus, Plaintiff's argument is unavailing.

Finally, Plaintiff argues that, regardless of timing or alleged RESPA violations, Plaintiff was harmed by Defendant's conduct. That may be true. However, Plaintiff's *complained of* conduct (that is, the conduct that could support a RESPA violation, the only cause of action Plaintiff brings) did not cause Plaintiff's injuries. Thus, although Plaintiff may have standing to pursue some other claim against Defendant, she lacks standing to pursue a RESPA claim.

In sum, Plaintiff cannot satisfy the causation element of Article III standing and, therefore, lacks standing to pursue her claim.

## III.

For these reasons, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for lack of standing.

The Clerk shall enter judgment for Defendant and close the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**